**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| FARD DURANT, | : | Civil Action |
|  | : | No. 07-93 (JAG) |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : | **O P I N I O N** |
| SCO. HORTON #459, et al., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

**APPEARANCES**:

>  FARD DURANT, #435799-SBI
>  Plaintiff <u>Pro</u> <u>Se</u>
>  Northern State Prison
>  Newark, New Jersey  07114

**GREENAWAY, JR., District Judge**

On January 8, 2007, Plaintiff submitted for filing his Complaint, together with Plaintiff's affidavit of poverty and his prison account statement, seeking to proceed <u>in</u> <u>forma</u> <u>pauperis</u> without prepayment of fees, pursuant to 28 U.S.C. § 1915.  Based on Plaintiff's affidavit of poverty, prison account statement, and the absence of three prior dismissals under 28 U.S.C. § 1915(g), this Court: (1) grants Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>; (2) directs the Clerk of the Court to file the Complaint without pre-payment of the filing fee; (3) assesses the $350.00 filing fee against Plaintiff; and (4) directs the agency having custody of Plaintiff to deduct an initial partial filing fee and to forward payments from

Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $350.00 filing fee is paid in full, regardless of the outcome of the litigation.  See 28 U.S.C. §§ 1915(a), (b).

Plaintiff asserts that Plaintiff's constitutional rights were violated by the officers employed at the correctional facility where Plaintiff is confined.  He complains of two types of violations: (1) excessive physical force by corrections officers; and (2) verbal harassment by corrections officers.  See Compl. at 1-3.  Specifically, Plaintiff alleges that the excessive force incidents took place on September 14, 2004, and on January 25, 2005; while verbal harassment incidents took place on various occasions between these two dates, inclusive.  See id. at 2-3.

## LEGAL STANDARD

The in forma pauperis statute, as amended by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is

frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  "In addition, under a notice pleading system, it is not appropriate to require a plaintiff to plead [all] facts [necessary for] establishing a prima facie case." Swierkiewicz, 534 U.S. at 511; see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993).  The statement of

the claim must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz, 534 U.S. at 512.

Moreover, a pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, the plaintiff is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 340 (2nd ed. 1990)). Thus, a complaint must contain a "statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## DISCUSSION

Section 1983 of Title 42 of the United States Code authorizes a person, such as Plaintiff, to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

4

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Liberally construing Plaintiff's allegations and accepting them as true, as this Court is required to do at this stage of the litigation, this Court reads the Complaint as raising claims under 42 U.S.C. § 1983 alleging violations of Plaintiff's Eighth Amendment rights.

**A.   Plaintiff's Excessive Force Claims**

"The statute of limitations for a § 1983 claim is generally the applicable state-law period for personal-injury torts." City of Rancho Palos Verdes v. Abrams, 544 U.S. 113, 124 (2005).

Since, in this case, New Jersey's two-year statute of limitations for personal injuries would apply, see N.J. Stat. Ann. § 2A:14-2; Cito v. Bridgewater Township Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989), the period of limitations had run with respect to Plaintiff's excessive force claim based on the September 14, 2004 incident by the time Plaintiff filed the instant Complaint.[1]   Therefore, Plaintiff's September 14, 2004

---

[1] The fact that Plaintiff was allegedly subjected to excessive force on another occasion, namely, during the January 25, 2005 incident, is of no relevance.  The Third Circuit has made clear that it is a "common-sense proposition that an applicable statute

excessive force claims will be dismissed, with prejudice, as time barred. However, Plaintiff's January 25, 2005 excessive force claim is timely and, therefore, will proceed to the next stage.

**B.   Plaintiff's Verbal Harassment Claims**

Plaintiff asserts that corrections officers verbally harassed Plaintiff by making such statements as "[K]ill a fucking snitch[!]" and "I dare you to even look at me wrong[ly]." See Compl. at 1-2. It is undisputed, however, that acts of verbal harassment cannot qualify as violations of the Eighth Amendment. See Stepney v. Gilliard, 2005 U.S. Dist. LEXIS 31889, at *19 (D.N.J. Dec. 8, 2005) ("[V]erbal harassment and taunting is neither 'sufficiently serious' nor 'an unnecessary and wanton infliction of pain' under the common meaning of those terms. 'Verbal harassment or profanity alone . . . no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under [Section] 1983") (quoting Shabazz v. Pico, 994 F. Supp. 460, 474 (S.D.N.Y. 1998), and citing Collins v. Graham, 377 F. Supp. 2d 241, 244 (D. Me. 2005)); see also Williams v. Bramer, 180 F.3d 699, 706 (5th Cir. 1999); Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997);

---

of limitations begins to run at the time the claim accrues, and that time-barred claims cannot be resurrected by being aggregated and labeled continuing violations." O'Connor v. City of Newark, 440 F.3d 125, 128-129 (3d Cir. 2006).

6

Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)); Maclean v. Secor, 876 F. Supp. 695, 698 (E.D. Pa. 1995); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 187-89 (D.N.J. 1993).

Since Plaintiff's allegations that he was verbally harassed by corrections officers are not cognizable under § 1983, see Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979) (dismissing prisoner's claim that defendant threatened to hang him), Plaintiff's claim based on such harassment will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## CONCLUSION

Based on the foregoing, this Court will grant Plaintiff's application to file the Complaint without prepayment of the filing fee. This Court will dismiss Plaintiff's claims based on verbal harassment for failure to state a claim upon which relief can be granted and will dismiss Plaintiff's claims based on usage of excessive force during the September 14, 2004 incident, as time barred.

This Court, however, will allow Plaintiff's claim based on usage of excessive force, during the January 25, 2005 incident, to continue to the next stage.

An appropriate Order accompanies this Opinion.

                                        S/Joseph A. Greenaway, Jr.
                                        JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: May 29, 2007