<u>NOT FOR PUBLICATION</u>

<u>UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY</u>

_____
:
FARD DURANT,                            :
                                        :
           Plaintiff,                   :
                                        :    Civil Action No. 07-93 (JAG)
        v.                              :
                                        :    **OPINION**
SCO. HORTON #459, SCO. R. ORTIZ,        :
and JOHN DOES #1-5,                     :
                                        :
           Defendants.                  :
_____:

<u>**GREENAWAY, JR., U.S.D.J.**</u>

     This matter comes before this Court on the uncontested motion of Defendant Sergeant Rodolfo Ortiz ("Ortiz"), to dismiss for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6), or alternatively, for summary judgment, pursuant to FED. R. CIV. P. 56. For the reasons stated below, Defendant's motion to dismiss is granted. Defendant's motion for summary judgment is denied, as moot.

**I. <u>PROCEDURAL HISTORY</u>**

     On January 8, 2007, <u>pro se</u> Plaintiff Fard Durant ("Plaintiff") filed a complaint against Defendants Correctional Officer Horton and Sergeant Ortiz, and other unknown officers. (<u>See generally,</u> Compl.) Plaintiff alleged claims for verbal harassment and excessive force, pursuant to 42 U.S.C. § 1983; the First, Fourth, Eighth, and Fourteenth Amendments of the Constitution of the United States; and the New Jersey Constitution. (<u>Id.</u> at 7.) Specifically, Plaintiff alleged

two incidents of excessive force, occurring on September 4, 2004 and January 25, 2005, and various incidents of verbal harassment occurring between those two dates.  (Id. at 3-6.)  On May 30, 2007, this Court dismissed, with prejudice, Plaintiff's verbal harassment claims, and Plaintiff's September 4, 2004 excessive force claim.  Durant v. Horton, No. 07-93, 2007 U.S. Dist. LEXIS 38953, *6-8 (D.N.J. May 30, 2007).  Defendant Ortiz filed the instant motion on September 28, 2007, and argues, inter alia, that dismissal of Plaintiff's January 25, 2005 excessive force claim is warranted because:  1) Plaintiff failed to exhaust his administrative remedies, 2) Defendant is entitled to Eleventh Amendment immunity, and 3) Defendant is not a "person" within the meaning of 42 U.S.C. § 1983.  (See generally, Br. in Supp. of Mot. to Dismiss ("Def.'s Br.").)  Although properly served via regular mail, (see generally, Certificate of Service, Docket Entry No. 19), Plaintiff failed to respond.

## II.  FACTUAL BACKGROUND

On January 25, 2005, Plaintiff was as an inmate at Northern State Prison in Newark, New Jersey.  (Compl. 1.)  He was aroused from his sleep in order to be taken to a medical appointment.  (Id. at 3-4.) After Plaintiff was dressed and handcuffed, he was released from his cell.  (Id. at 4.)  Plaintiff was then frisked and "shackled to waist-irons."  (Id.)

As Plaintiff and the officers started to leave his cell area, Plaintiff realized that he had forgotten to remove his "wave-cap."  (Id.)  Plaintiff claims that Officer Horton "forcefully grabbed at [the] head dress in a way that caused Plaintiff's head to immediately snap backwards."  (Id.)  Plaintiff asked to be returned to his cell, but Officer Horton allegedly shoved Plaintiff hard enough to cause him to fall.  (Id.)  Plaintiff claims that Officer Horton began to punch and kick him as he lay on the floor.  (Id.)  An emergency response code was announced, and other officers

arrived at Plaintiff's cell.  (Id.)

Sergeant Ortiz was one of the officers who responded to the emergency call. (Id. at 5.) When he arrived, Plaintiff states that Sergeant Ortiz ordered Officer Horton to stand Plaintiff on his feet, and then sprayed Plaintiff with pepper spray, or a similar chemical agent.  (Id.)  Next, Plaintiff was thrown to the floor, and Sergeant Ortiz allegedly began "kicking and stomping Plaintiff."  (Id.)  Shortly thereafter, Plaintiff was taken to a nurse's station.  (Id.)

Later, the Prison's Special Investigation Division interviewed Plaintiff.  (Id. at 6.) Plaintiff claims that the investigator "photographed[,] via videotaped performance[,]" his injuries in preparation for an internal investigation of the incident.  (Id.)  In addition to reporting to the Special Investigation Division, Plaintiff states that he "made several attempts to submit [] institutional administrative remedy forms . . . [, all of which were] intercepted and discarded by several officers."  (Id.)

### III.  STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), while abrogating the decision in other respects).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2).  "Factual allegations must be enough to raise a right to

relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil 2d § 1357 at 340) (2d ed. 1990). "A document filed pro se[, however,] is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (internal quotations omitted).

A court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994); see also Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). "However, if facts that are alleged to be true in a complaint are contradicted by facts that can be judicially noticed, the contradicted facts in the complaint are not to be deemed as true upon consideration of the motion to dismiss." Smith v. Litton Loan Servicing, LP, No. 04-2846, 2005 U.S. Dist. LEXIS 1815, *18 (E.D. Pa. Feb. 4, 2005) (citing 5A Wright & Miller, Federal Practice and Procedure Civil 2d § 1364).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1997). "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974; see also In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397 (3d Cir. 2000) (stating that a complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1357 (3d ed. 2007). "Plaintiffs cannot prevent a court from looking at the texts of the documents on which [their] claim is based by failing to attach or explicitly cite them." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). "[A] 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" Id. (emphasis in original) (quoting Shaw v Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)). Any further expansion beyond the pleadings, however, may require conversion of the motion into one for summary judgment. FED. R. CIV. P. 12(d).[1]

---

[1] Defendant Ortiz submits the Declaration of Peggy Brooks, Administrative Assistant II at Northern State Prison, in support of his motion to dismiss, or alternatively, for summary judgment. (See generally, Decl. of Peggy Brooks.) In addition, Defendant submits a portion of the Northern State Prison Inmate Handbook, which describes the Institutional Grievance Procedure; a March 1, 2005 memorandum, which explains the policy for submitting grievances; copies of all grievances filed by Plaintiff since January 25, 2005; copies of Inmate Fact Sheets and Progress Notes for Plaintiff; a copy of the record in Plaintiff's adjudication hearing, pertaining to the January 25, 2005 allegations; and a copy of Plaintiff's medical records for treatment received on January 25, 2005. (See generally, Decl. of Peggy Brooks Exs. A-F.)

## IV. DISCUSSION

Defendant Ortiz argues that Plaintiff's January 25, 2005 excessive force claim should be dismissed because Plaintiff failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (Def.'s Br. 7-11.) Although Plaintiff failed to respond to Defendant's motion, this Court, liberally construing Plaintiff's Complaint, finds that Plaintiff's claims are procedurally defaulted.

### 1. The Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA") provides that

---

The Northern State Prison's Inmate Handbook, and Plaintiff's grievances are integral to Plaintiff's underlying claims. This Court will consider these documents in resolving the pending motion. See Banks v. Roberts, No. 06-1232, 2007 U.S. Dist. LEXIS 39658, *3-7, 36-37 (M.D. Pa. May 31, 2007), aff'd 251 F. App'x 774 (3d Cir. 2007) (dismissing some of the plaintiff's claims for failure to exhaust administrative remedies, after reviewing the plaintiff's grievances and the defendant's policies, which were attached as exhibits to the supervisory attorney's declaration and an administrative assistant's declaration); Richardson v. Morris County Corr. Facility, No. 06-2340 (DMC), 2007 U.S. Dist. LEXIS 12155, *6-10 (D.N.J. Feb. 22, 2007) (dismissing the plaintiff's complaint for failure to exhaust administrative remedies, after reviewing the defendant's grievance procedures and the plaintiff's filed grievances, which were attached as exhibits to the warden's certification).

In addition, documents contained in the record in other court proceedings have been construed as matters of public record. See In re Intelligroup Sec. Litig., 527 F. Supp. 2d 262, 273 (D.N.J. 2007) (citing Jackson v. Broad. Music, Inc., No. 04-5948, 2006 U.S. Dist. LEXIS 3960, *18 (S.D.N.Y. Jan. 31, 2006) (stating that "the court may take judicial notice of public records and of 'admissions in pleadings and other documents in the public record filed by a party in other judicial proceedings that contradict the party's factual assertions in a subsequent action' without converting the motion into one for summary judgment") (internal citation omitted))); Adams v. Jones, No. 96-4377, 1999 U.S. Dist. LEXIS 3990, *14 n.4 (E.D. Pa. March 30, 1999) (citing Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (stating that "[a] district court deciding either a *Rule 12(b)(6)* motion or a motion for summary judgment is entitled to take judicial notice of the factual record of a prior proceeding.")). Therefore, this Court will consider the record in Plaintiff's adjudication hearing in deciding the motion to dismiss. On the other hand, other attached exhibits shall not be considered. Further, the motion shall not be converted to one for summary judgment.

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). An inmate must also "properly" exhaust such administrative remedies. Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Therefore, it is the inmate's responsibility to

> bring[] a grievance to the attention of the appropriate prison official so that the facility has an opportunity to respond to the grievance before the courts are involved. After filing an initial complaint, the inmate is required to carry the grievance process through any available appeals before seeking relief from federal court. An inmate will not have exhausted all administrative remedies until the prisoner has pursued a grievance through each level of appeal available within the prison system.

Richardson, 2007 U.S. Dist. LEXIS 12155, at *5-6 (internal quotations omitted); see also N.J. ADMIN. CODE § 10A:31-14.4 (2008) ("A written inmate grievance procedure shall be afforded to all inmates which shall include at least one level of appeal."). "Such requirements eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Banks, 2007 U.S. Dist. LEXIS 39658, at *14 (internal quotations omitted).

Although inmates are required to exhaust administrative remedies, they do not have to

"specifically plead or demonstrate exhaustion in their complaints." Jones v. Bock, 127 S. Ct. 910, 921 (2007). "Failure to exhaust available administrative remedies is an affirmative defense[, and must therefore,] be pleaded and proven by the defendants." Banks, 2007 U.S. Dist. LEXIS 39658, at *15-16. However, "the absence of a requirement to specifically plead exhaustion does not bar a . . . dismissal where a concession on the face of a petition exposes bar to suit." Lindsay v. Williamson, No. 07-3387, 2008 U.S. App. LEXIS 7350, *3 (3d Cir. Apr. 4, 2008).

**2. Plaintiff Fails to Exhaust Administrative Remedies at Northern State Prison**

Northern State Prison "affords its general population several methods for appeals and/or grievances." (Decl. of Peggy Brooks Ex. A at 1.) Specifically, the Grievance Procedure provides that

> [a]ppeals concerning decisions adjudicated through the institutional disciplinary program should be handled through the appeal process inherent within the disciplinary program. . . .
>
> . . . . Any complaints involving staff members should be written on an 'I.R.F.' (Inmate Remedy Form)[2] and forwarded to the office of the Administrator. Upon receipt of the complaint, it will be reviewed and forwarded to the appropriate department head for investigation. The results of the investigation will be reviewed and a response will be sent. If no response is received by the inmate within 30 days, that inmate may submit an Administrative Remedy Form.

(Id. at 1-2.) Plaintiff has not properly exhausted his administrative remedies in compliance with Northern State Prison's policy.

First, Plaintiff states that he attempted to file the requisite RS&R Form, in compliance

---

[2] The policy refers to an Inmate Remedy Form; however, the name of the form to be submitted by an inmate is now referred to as a Request System & Remedy Form ("RS&R Form"). (Decl. of Peggy Brooks at ¶ 6; see also Ex. C.)

8

with Northern State Prison's grievance policies; however, he states that his filings were intercepted and discarded. (Compl. 6.) Accepting Plaintiff's statement as true, Oliver, 38 F.3d at 1384-85, Plaintiff's next course of action should have been to file an Administrative Remedy Form when he did not receive a response from the prison within 30 days (Decl. of Peggy Brooks Ex. A at 2). However, a review of Plaintiff's records reveals that he has not filed any RS&R Form, or Administrative Remedy Form, relating to the allegations of January 25, 2005. (Id. at Ex. C.) This fact alone provides sufficient basis for this Court to dismiss Plaintiff's Complaint. Banks, 2007 U.S. Dist. LEXIS 39658, at *18 (holding that while the plaintiff alleged that the defendants "obstructed" his efforts to pursue administrative remedies by refusing to provide proper forms and instructing others not to provide the necessary forms, the grievance process was available to him, and therefore, plaintiff's claim was procedurally defaulted for failure to comply with the process); Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000) (stating that there is no futility exception to the exhaustion requirement under any circumstances); see also Richardson, 2007 U.S. Dist. LEXIS 12155, at *8 (citing Concepcion v. Morton, 306 F.3d 1347, 1354-55 (3d Cir. 2002) ("Where a grievance procedure is set forth in an inmate handbook, a prisoner is required to avail himself of those administrative remedies in order to satisfy the mandatory exhaustion requirement of the PLRA.")); Jacobs v. Pa. Dep't of Corr., 148 F. App'x 107, 109 (3d Cir. 2005) ("If the prisoner fails to follow the procedural requirements, then his claims are procedurally defaulted.").

     Even, however, if this Court were to liberally construe Plaintiff's interview with the Special Investigation Division as asserting a grievance, Erickson, 127 S. Ct. at 2200, Plaintiff's excessive force claim fails because a court may not accept as true any statement that is

"contradicted by facts that can be judicially noticed . . . " Smith, 2005 U.S. Dist. LEXIS 1815, at *18.

The record in Plaintiff's adjudication hearing, pertaining to the January 25, 2005 incident, indicates that Plaintiff pled guilty to assaulting the same corrections officers he now claims assaulted him. (Decl. of Peggy Brooks Ex. E at 4.) This fact is contrary to the foundation of Plaintiff's claim before this Court, and demonstrates that it is without merit for Plaintiff to state that he exhausted his administrative remedies. It is curious to suppose that one who pleads guilty to an offense, would have filed grievances related to that same offense. In any event, Plaintiff failed to appeal the judgment of guilty, (see generally, Decl. of Peggy Brooks Ex. E), as required by the Prison's Grievance Policy (id. at Ex. A). Therefore, this Court finds that Plaintiff has failed to exhaust his administrative remedies, and dismisses the Complaint. Banks, 2007 U.S. Dist. LEXIS 39658, at *18; Richardson, 2007 U.S. Dist. LEXIS 12155, at *8; Jacobs v. Pa. Dep't of Corr., 148 F. App'x at 109.

## V. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6), is granted, without prejudice. Defendant's motion for summary judgment, pursuant to FED. R. CIV. P. 56, is denied, as moot.

Date: June 18, 2008

                                        S/Joseph A. Greenaway, Jr.
                                        JOSEPH A. GREENAWAY, JR., U.S.D.J.